UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS BARRAGAN VALENCIA,<br><br>Defendant. | NO: 2:15-CR-10-RMP<br><br>ORDER GRANTING UNITED STATES' MOTION FOR PROTECTIVE ORDER AND MOTION TO EXPEDITE |

BEFORE THE COURT is the United States' Motion for Protective Order Regulating Disclosure of Discovery and Sensitive Information, **ECF No. 19**, and accompanying Motion to Expedite, **ECF No. 20**. The Court has reviewed the motions, all relevant filings, and is fully informed.

The United States represents that it intends to provide discovery to Defendant, which includes "personal identification information of [Defendant] and third parties, including social security numbers, addresses, phone numbers, email addresses, bank account, [sic] and other information." ECF No. 19 at 2. The United States asserts that, because the discovery is voluminous, "it was simply not

ORDER GRANTING UNITED STATES' MOTION FOR PROTECTIVE ORDER ~ 1

practical for the Government to redact all sensitive information . . . ." ECF No. 19 at 2. The United States requests that restrictions be placed on disclosure of the discovered documents. ECF No. 19 at 2. The United States requests that its motion be heard on an expedited basis in order to enable the United States to provide discovery to Defendant.

Federal Rule of Criminal Procedure 16(d) permits a Court to "restrict" discovery for good cause. Fed. R. Crim. P. 16(d)(1). Additionally, the Supreme Court has stated that "the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969). Therefore, the Court finds good cause to grant both motions.

Accordingly, **IT IS HEREBY ORDERED**:

1. United States' Motion to Expedite, **ECF No. 20,** is **GRANTED.**

2. United States' Motion for Protective Order Regulating Disclosure of Discovery and Sensitive Information, **ECF No. 19**, is **GRANTED.**

3. United States' personnel and counsel for Defendant shall not provide, or make available, the sensitive information in the Discovery to any person except as specified in the Order or by approval from this Court. Counsel for Defendant and the United States shall restrict access to the Discovery,

1   and shall only disclose the sensitive information in the Discovery to their
2   client, office staff, investigators, independent paralegals, necessary third-
3   party vendors, consultants, and/or anticipated fact or expert witnesses to
4   the extent that defense counsel believes is necessary to assist in the
5   defense of his client in this matter or that the United States believes is
6   necessary in the investigation and prosecution of this matter.

7   4. Third parties contracted by the United States or defense counsel to
8   provide expert analysis or testimony may possess and inspect the
9   sensitive information in the Discovery, but only as necessary to perform
10  their case-related duties or responsibilities in this matter.  At all times,
11  third parties shall be subject to the terms of the Order.

12  5. Discovery in this matter has been made available to counsel for
13  Defendant on compact discs ("CDs").  No other copies of the CDs shall
14  be made, by defense counsel, without prior approval from this Court.
15  Copies may be made to computer devices for the purpose of review and
16  use of discovery at court proceedings in this matter, provided such
17  computer generated copies containing sensitive information are destroyed
18  at the case conclusion or withdrawal or termination of counsel,
19  whichever occurs first.

20

6. To the extent that defense counsel makes any portion of the Discovery available in paper format to anyone, including his client, outside of counsel's office, defense counsel shall ensure that any and all sensitive information is redacted or removed and will not be susceptible to misuse or abuse.  Such redactions or removal shall include, but shall not be limited to, the following:  (a) all Social Security numbers, or taxpayer identification numbers; (b) all employer names, locations, addresses, as well as salary information; (c) all residential and business addresses; (d) all telephone numbers and email addresses; (e) all lease, bill, and contract payment amounts; (f) all tax returns, tax related documents, and filings; (g) all dates of birth; and (h) all information identifying the contents and account number of any financial account, including bank, trust, and retirement accounts.

7. All counsel of record in this matter, including counsel for the United States, shall ensure that any party including the Defendant that obtains access to the Discovery is provided a copy of this Order.  No other party that obtains access to or possession of the Discovery containing sensitive information shall retain such access to or possession unless authorized by this Order, nor further disseminate such Discovery expect as authorized by this Order or a further Order of this Court.  Any other party that

obtains access to, or possession of, the Discovery containing discovery information shall promptly destroy or return the Discovery once access to Discovery is no longer necessary. For purposes of this Order, "other party" is any person other than counsel for the United States, defense counsel, or Defendant.

8. All counsel of record, including counsel for the United States, shall keep a list of the identity of each person to whom the Discovery containing sensitive information is disclosed and who was advised of the requirements of this Order. Neither defense counsel, nor the counsel for the United States, shall be required to disclose this list of persons unless ordered to do so by the Court.

9. Upon entry of a final order of the Court in this matter and conclusion of any direct appeals, government personnel and defense counsel shall retrieve and destroy all copies of the Discovery containing sensitive information, except that counsel and government personnel may maintain copies in their closed files following their customary procedures.

10. Government personnel and defense counsel shall promptly report to the Court any known violations of this Order.

11. This Protective Order only applies to "sensitive information."

12. Because the Court has ruled on this motion in an expedited fashion without waiting for the Defendant to respond, the Court will entertain any defense motion to amend this Order if the need arises.

IT IS SO ORDERED.  The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 21st day of May 2015.

> _s/ Rosanna Malouf Peterson_
> ROSANNA MALOUF PETERSON
> Chief United States District Court Judge

ORDER GRANTING UNITED STATES' MOTION FOR PROTECTIVE ORDER ~ 6